**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHOICE HOTELS INT'L, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-1136 |
| K&S ENTERPRISES, INC., *et al.*, | * | |
| Defendants. | * | |

*******************************************************************************

## MEMORANDUM OPINION

Currently pending before the Court is Plaintiff's Motion for Preliminary Injunction (Paper No. 2), Plaintiff's Motion for Extension of Time for Service of Process (Paper No. 7), Defendants' Motion to Stay in Favor of Arbitration (Paper No. 11), and Plaintiff's further motions for extensions of time (Paper Nos. 12 and 13).

On September 21, 2006 Plaintiff moved the Court for an extension of time to effectuate service on Defendants Rajpal Sangha and Amarjit Sing Sangha. However, it appears that these particular Defendants have joined in Defendants' pleadings of October 6, 2006 and thereafter. Because Defendants Rajpal Sangha and Amarjit Sing Sangha have apparently waived any service of process defense, Plaintiff's motion to extend the time to serve these Defendants is now moot. Therefore, the motion will be denied as such.

As to Defendant's Motion to Stay in Favor of Arbitration, it appears that Plaintiff's claims for money damages resulting from the alleged breach of contract are subject to arbitration as per an arbitration clause in the franchise agreement between Plaintiff and Defendants. The arbitration clause provides that

> Except for our [Plaintiff's] claims against you [Defendants] for indemnification, actions seeking to enjoin you from using the Marks in violation of this Agreement, or at our option, actions for collection of moneys owed us under this Agreement (or any related agreement), any controversy or claim arising out of or relating to this Agreement , or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration before either the American Arbitration Association.

On November 3, 2006, Plaintiff sent correspondence to counsel for Defendants indicating its consent to arbitration pursuant to the terms of the franchise agreement. *See* Mem. In Opp. to Mot. to Stay in Favor of Arbitration. In its Opposition to Defendants' motion, Plaintiff reiterated its consent to arbitration and asked the Court to administratively close the case pending the arbitration of the disputes between the parties. *Id*. Defendants apparently interpret Plaintiff's consent to arbitration to include the arbitration of the issues surrounding Plaintiff's motion for preliminary injunction. As a result of that misinterpretation, Defendants contend that Plaintiff must either withdraw or dismiss its preliminary injunction motion before proceeding to arbitration. The Court disagrees with Defendant. The only issues to be arbitrated are those issues covered by the original arbitration agreement between the parties. As such, the Court takes no position at this time on issues properly before this Court. Therefore, the Court will grant Defendant's motion to stay and administratively close this case pending the conclusion of the arbitration proceedings. An Order consistent with this Memorandum Opinion will follow.

November 14, 2006                                         /s/
Date                                                      Alexander Williams, Jr.
                                                          United States District Court